This is Kyle Ray Izzett v. United States, 2014-12-86, and we'll hear from Mr. Fisher when he's ready. Is it Ray? Ray, yes, your honor. May it please the court? The government determined in 2008 that Sergeant Ray had made an overpayment of his taxes. They didn't refund to Sergeant Ray that overpayment. Mr. Fisher? From what I can see from the record, this started as an attempt at a class action, but it wasn't certified. So basically what we're here with is an appeal for less than a dollar. The case was not certified because it was dismissed on the pleadings. If this court determines that interest was due on Sergeant Ray's overpayment, then there are probably 35 or 40,000 other veterans who could be certified, and some of those veterans didn't get anything. In other words, they didn't get... No, you've answered my question. Okay. So they waited five years to make the overpayment, refunds overpayment. 26 U.S.C. 6611 provides that any overpayment bears interest. So really our case is pretty simple. 2008, the government determined there's an overpayment. Is that under the tax code? Any overpayment requires interest? Yes, your honor. That's 26 U.S.C. What about 6402D that says no action brought against the United States to recover the amount of any such reduction shall be considered a suit for refund of tax? Doesn't that get it out from under the tax code and provide for no interest? 2402G provides... There's two kinds of cases that you can bring. Once the government determines that you've got an overpayment, it has the right under 6402A to offset that against a debt. If the taxpayer wants to determine that that debt is not owed, there's two different ways to do it. In order to get the overpayment, the taxpayer needs to show that the debt against which it was offset does not exist. So there's two ways they can do that. First of all is what's called a suit for refund of tax, which is a 7422 proceeding, which requires notice and has a three-year statute of limitations. You have a right to a jury trial and so on. So suit for refund of tax is a word apart. It refers to a 7422 proceeding. The other kind of way to prove that the debt against which your overpayment was offset is in 6402G, and that says that that kind of case, which is this case, is not a suit for refund of tax. Now, the way in which Ibrahim interprets that is the proper way. What that means is that if you're trying to get back an overpayment where 7422 doesn't apply, then you don't have to meet the 7422 requirements. You have a six-year statute of limitations and so on. You don't have a right to a jury trial. And that's what this case is. So all that 6402G says is that this case is not a suit for refund of tax. It's not a suit for refund of tax. It doesn't have interest. No, no, Your Honor. You're asking for interest. Yes, Your Honor. Interest attaches to the overpayment. There's no question in this case that there was an overpayment. So that is what determines whether you get interest or not. It was not an overpayment of tax. Yes, it was an overpayment of tax. Exactly an overpayment of tax. There's no dispute about that. As a matter of fact, the government admits that it has to accept that allegation in the pleadings. I thought it was an overpayment for a debt on a clothing purchase. No. Overpayment of tax. There's no dispute about that. He made an overpayment of tax, and the government thought that he owed a debt, and it applied the overpayment to the debt. What the taxpayer needs to do in order to get his overpayment is show that the debt to which it was applied doesn't exist. There's two ways to do that. If they apply it to a tax debt, then you have to 7422 proceed. If they apply it to a non-tax debt in general, then you have what Abraham calls a suit-to-recover amount of the tax refund offset. That's this case. So the two kinds of cases both are trying to say that the overpayment was not properly offset. The government says that if you recover your offset, your overpayment that was offset, in a suit for refund of tax, then you get interest. If you recover your overpayment offset in this kind of suit, you don't get interest. That doesn't make any sense, because in either case, what you're trying to do is get the overpayment back. You're saying that the debt to which your overpayment was applied doesn't exist. And if it doesn't exist, then the government has to pay you interest. It's that simple. Now, the district court said that the language saying that this kind of suit is not a suit for refund of tax means you don't get interest. Well, the fact that this isn't a suit for refund of tax has nothing to do with interest. It has to do with whether the debt to which your overpayment was applied was one that requires that procedure. If it's applied to a tax debt, then you follow a different procedure. If your overpayment is applied to a non-tax debt, you follow the procedures in this case, in general. Now, the government's position has a new theory that's never presented to the district court, and as far as I know, any court. It says that just the fact that you took the overpayment and applied it to anything, whether that debt exists or not, means that you don't have to pay interest on the overpayment. Are you saying that there's interest in it on a tax overpayment? I am. But this debt was applied to the tax overpayment. No. The government determined that there was. I don't understand what you're saying. That this debt was applied to a tax overpayment, and the debt was found not to exist, and the government repaid that. And so, are you saying that there was a portion of the tax debt which, therefore, didn't pay interest, accrue interest, but should have? What I'm saying is that the government determined there was no overpayment. It said, we're not going to... Overpayment of what? Of tax. There's an overpayment of tax, and the government determined that it should make a refund if there wasn't any debt to which it could apply that overpayment of tax. The government said, there is a debt, but that debt, in fact, did not exist. It's similar, actually, to the case that's covered by Revenue Ruling 84-171, which the government talks about. In that case, in that situation, the overpayment is applied to an alleged debt for a child support. And what the Revenue Ruling says is that if you apply that to the non-tax child support debt, and in fact, the non-obligated spouse doesn't owe that debt, then you have to pay interest on the overpayment that was applied to the debt. That's essentially what we've got here. You take an overpayment, you apply it to a debt. If that debt doesn't exist, you have to pay interest on the overpayment. It's really that simple. 6402G is just designed, as Abraham says, to distinguish between what kind of lawsuit. There's a controversy in the child support situation. It's clearly a non-tax debt. 6402G says that non-tax debts are not suits for refund of tax. But the IRS's position, some courts have said, well, even though that's a non-tax debt, you have to follow the 7422 procedures. So there was a question about what kind of procedures you had to follow if your overpayment was what kind of procedures you have to follow. 6402G makes clear that you don't follow the 7422 procedures. It's not a suit for refund of tax. But that doesn't mean that it's not a suit to get that overpayment back. Overpayment's applied to a debt. All you have to do is, your lawsuit has to do with showing the debt doesn't exist. It doesn't have anything to do with overpayment. As soon as you show that the debt doesn't exist, then you get the overpayment. It's really that simple. It's not a complicated scenario here. Now, if this is not a refund suit, how does the Court of Federal Crimes get jurisdiction of the suit? What's the jurisdictional provision that gives it authority? Well, it's a case under 1346A2. In other words, it's not a tax refund suit. But it's a suit against the government based on other cause of action. And so there's no question. There's always a jurisdictional question about whether this kind of suit. This is actually the third in a series of suits. There's never a question that the court has jurisdiction to handle the question of whether the debt exists. There's never any question about the jurisdiction over that. The question was, when the court determines that that debt didn't exist, is the recovery this overpayment? Well, what's the difference in whether they apply the overpayment to a tax debt and the tax debt doesn't exist, the government agrees you get interest on your overpayment. If you apply it to a non-tax debt, and that non-tax debt happens to be a child support obligation, the revenue ruling says you get interest. But for some reason, the government says here that if you apply that overpayment to a non-tax debt owed by a veteran, that for some reason, you don't get interest. 6402G has nothing to do with interest. It has to do with what kind of lawsuit you're going to bring. And whether you're bringing a general lawsuit against the government, which has a six-year statute limitation and so on, or whether you're bringing a suit for refund of tax. And if you look at it, why would you put an interest provision, which applies to all overpayments? You don't have to sue to get that overpayment. It's not an interest-related lawsuit. It's just interest-related overpayment. You're supposed to pay it, regardless of whether it's a lawsuit. So the court said that down here in this other provision that only relates to certain kinds of debts is a provision that says that the recovery doesn't earn interest. Well, why would that be? If you're going to say that when you apply the overpayment to certain debts, they don't earn interest, why wouldn't you put it in the interest statute rather than buried in this other thing that has to do with the type of lawsuit that you're bringing? Am I correct that you don't contend that the offset occurred outside the 45-day limit? Well, the 45-day limit has to do with when interest starts. In other words, in February of 2008, they determined there was an overpayment. If they had repaid the overpayment before May. The offset took place within 45 days, did it not? The offset of the overpayment took place before interest hit acute. In other words, you can make that offset. Sometimes 6402A says that you take the offset and accumulated interest. So let's say they made the offset in July. They would have had some interest. They would have applied. But when you make that offset against the debt, it has nothing to do with how you prove the debt didn't exist. And the interest starts running as soon as you haven't repaid the overpayment by May. Then you start earning interest by the end of May. That's why most taxpayers don't get interest on their overpayments or tax refunds, because the government normally repays those before the May time. Now, as one more point, the government and the court below rely on the Steiner versus Nelson case, which, again, has nothing to do with overpayment. In that case, the government seized property illegally and had to give the property back. But the property was applied to a tax debt, and there was no overpayment. In other words, the tax debt to which it applied, the amount of property they took, was not more than the tax debt. The court said there's no overpayment, so it doesn't apply. Your Honor, I don't know about whether interest has run, but the clock has run. Your time has run out. We'll give you two minutes for rebuttal. Thank you. Mr. Quinn. May it please the court, Michael Quinn for the United States. We would urge the court to affirm. Was there an overpayment of tax there? There was, and that was cured by the refund. There was a partial refund to Mr. Ray, as I understand it, and then a reduction made according to the statute. So if there was an overpayment of tax, why is he not entitled to interest under 66-4? Because the refund took place and the offset, the Treasury Secretary of the IRS processed his payment. The interest provision in the refund case applies to overpayments in respect of an internal revenue tax. That's not what the suit is for. The suit is for an overpayment, overcollection of finance charges on a consumer debt. The complaint is even titled that way. The allegations in the complaint are not under a tax provision. The allegations in the complaint are under Little-Tucker Act for essentially a wrongful exaction theory that he had paid too much to the Army Air Force Exchange Service. Well, suppose he properly characterized it and said there was an overpayment of tax and I'm entitled to interest. Would he be entitled to recover? Not on these facts, Your Honor. Why not? Because the 6402, which sets up the offset program, provides the general rule in Subsection A that the overpayment, once calculated, the Secretary may credit the amount of the overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax. That language also appears in the interest rate provision 6611A. Isn't the core of your argument that in fact what this was was a wrongful garnishment and the government hasn't waived its sovereign immunity on that? Essentially, yes, Your Honor. He received the benefit of his refund by the credit that went to the Army Air Force Exchange to pay his debt. If he had paid the balance of his debt to the Army Air Force Exchange directly, out of his own pocket, he'd have no entitlement to interest at all. The fact that it happened by virtue of this operation of the offset doesn't change that character. In fact, 6402D1B refers to the reduction in the refund amount as being paid that amount to the agency. He's receiving a credit. Are you reading 6402G as saying if there was an improper offset to an overpayment that that has to be treated as a suit for the recovery of the improperly applied debt rather than as a suit for the tax overpayment? Yes, Your Honor. I think that's what the district court held below. If you have had the operation of the offset and the secretary has paid the refund and deducted any amount, in this case, Mr. Ray gets the benefit of that refund because he's reducing a debt that's otherwise owed to the government. Allegedly. Allegedly. But when it comes to light that there's an error, we're now talking about an error in the computation of a finance charge, in this case, under a credit agreement, which doesn't provide for any interest. And the standard here on sovereign immunity is the waiver must be expressed. Mr. Ray, in his briefing, doesn't even address the standards of the Library of Congress v. Shaw or this circuit's decision in Marathon Oil, which I think is highly instructive. In Marathon Oil, several oil companies sued. There wouldn't be any problem here in his suit if it weren't for 6402G, right? Well, I think 6402, I'm sorry, the interest provision itself I think is problematic. 6611A, because it talks in terms of overpayment respective internal revenue tax. And that's not what this is. The overpayment here is overpayment on a debt that's owed to another federal agency. And that's a... I mean, the issue here basically is he did make an overpayment of tax that you agreed to. And he's saying you improperly reduced my overpayment by offsetting this supposed debt. You were wrong about that. So I was really entitled to a tax refund and I want the interest on my tax refund. But it's not... And if it weren't for 6402G, it seems to me you'd lose. I would respectfully disagree with that, Your Honor. I think the wording 6611A also covers this scenario with respect to the overpayment of tax because the overpayment at issue here is not an overpayment of tax. What I was trying to say in the beginning, you asked the question about, did he make an overpayment of tax? Yes, that's why there's money coming forward and money offset. He didn't get a full refund for the tax overpayments. That's correct. The refund... Even including what was erroneously offset earlier. We would count that as part of his refund. He received a credit, he received a benefit. So he didn't receive a tax refund. In effect, not in direction... If he didn't receive a tax refund, then the statute seems to say he gets interest on it. What does he get interest on? There's no allegation that this was improperly processed from the beginning in terms of the secretary's work under the offset and also determining what net amount would be paid in refund. You're saying he was paid timely in two ways. One was cash or a check. The other was application against his supposed debt, which in fact was an error, but nevertheless we did it within 45 days. That's correct. There's no allegation otherwise. I think when you look at Marathon Oil and the strict standard for waiver on interest, this circuit has said that if a statute susceptible to a plausible reading under which sovereign immunity is not waived, the statute fails to establish an unambiguous waiver and sovereign immunity remains intact. And these are plausible readings of these provisions. I actually think that they're the clearest reading rather than go to this constrained interpretation that somehow the payment of a debt and a suit for a refund on a debt to a federal agency for... He paid for a tax refund. And if you hadn't given him the money that's represented by the tax refund, he'd be suing for a tax refund. He would recover a tax refund. No? Put aside the interest question. If you hadn't paid him the money, he'd be suing for a tax refund and he'd collect. I'm not sure if I understand your hypothetical, but if the government hadn't paid him any refund, there would be interest allowed on it. But the... If the government hadn't refunded the money to him, the tax overpayment, he would be suing for a tax overpayment, right? And he'd recover for a tax overpayment. He'd have a remedy. Yes, but you can't imply the remedy by moving over to offset and saying that a claim and an overpayment on a consumer finance debt comes within this overpayment interest under 6611A. You took his tax refund and applied it to this supposed but non-existent debt. Right? Yes, well actually there was a debt there because the amount we're talking about is merely the adjustment for the interest charge. He had owed principal debt to the Army Air Force Exchange. So the amount of refund reflects the net amount that had been calculated, had been charged improperly because of the finance charge error. But his underlying debt, the reason why he was in collection was because he had this debt on principal for these purchases in the Army Air Force Exchange. Did he get interest on the tax overpayment or was that not necessary and he didn't get it because the 45 days hadn't elapsed? As far as I know, Your Honor, the Secretary of the Treasury processed his tax return properly within the law. There's no allegation other than that. Your opponent seems to concede that. I don't believe there's a dispute on that. He didn't get the refund within the 45-day period, right? With respect to the offset, he did because the offset is essentially coming from his refund money. That money takes on a different character. You didn't give him the money back within the 45 days, right? For that $6.65? But he received the benefit. That's correct, right? You did not give it to him. Yes, he did not get it personally. He got it by way of a credit against the debt that he owed. How can you say he got it when the credit was an improper offset? How can you say he got the money when you made an improper offset, which denied him the tax refund? He didn't get the money back within the 45 days. He didn't get it until much later. Well, if that were true, then the underlying principle that was satisfied by the offset would be subject to interest because he's not been refunded the underlying principle that was paid with the remainder of the money that was offset and directed to him. I think that the fact that there was an error in the calculation of the finance charge and then it was later refunded doesn't somehow bring it back into the context of a tax claim. It becomes... and the structure of the jurisdiction in plaintiff's allegations in the complaint and his assertions throughout his brief that this is a Little Tucker Act case. This is not a tax case under the other provision of 1346. And it's not... there's no issue about... there's really no tax issue. It's not a suit for a tax refund. And I do think that at the end, come circle back to your original question about 6402G. 6402G makes that clear. It is not an issue of a suit for a tax refund. The 6611 doesn't even come into apply. And there's good logic behind that because the person who's had an offset taken has reduced another debt to the United States, a non-tax debt, and has effectively received the benefit of the refund coming from the IRS. Congress had made this language in the interest rule. If it wanted to pay interest on erroneous offsets, there could have been a provision in a statute like that that was clear and expressed that meets the standards for a waiver. It says you get interest on tax refund. No, actually it says it's interest on overpayment of tax with respect to an internal revenue tax. Are there other cases like this hanging around or is this unique? This is unique. I don't think anybody's tried to make this argument before, Your Honor. I'm not aware of any. And this is not in our briefs, but it has practical consequences because the agencies who post the offsets, they don't receive information about where the offset came from. The offset could come from some other federal payment that's due. You wouldn't know whether, if this interest rule applied, you wouldn't know, the agencies wouldn't know whether they owed interest back or not because you wouldn't know the character of the offset. What difference does that make? It makes a difference in the way the agencies would operate in terms of, if you were to adopt Clayton's argument, that the tax information, if there's tax withheld and then paid out and applied, to a non-tax debt through the offset program, the agency wouldn't know whether it owed interest or not because it could have been a different type of federal benefit. The Treasury would know. The Treasury is specifically not involved in this process of the wrongful exaction. The suit, and 6402G makes that clear. If you sue because of an offset, you have to go to... If somebody had a million dollar tax refund, this case seems odd because it's 65 cents, but if somebody had a million dollar tax overpayment and the government offset that by some phony claim and it took years to resolve that, you're saying nobody can get interest on that million dollar overpayment, right? If it was offset for a non-tax debt, the statute... The government could keep the money for five years and even though the debt claim is completely phony and not paying any interest, right? Yes, that would be true if the money had been paid directly on some government debt or some government tax, of some other character that turned out later to be in error. I mean, people who were affected by any kind of finance charge error and then later get a refund but are paying the Army Air Force Exchange directly, they don't get interest. It could be the same five-year withholding period. It's the same impact on them. This is really bootstrapping the fact that the money originally came out of a tax refund to somehow put it back into the tax category and say that, oh, now there's interest on that. I don't think that needs to stand... But did that error in offset diminish the interest that he would have been entitled to on the tax overpayment? I'm sorry, I don't quite follow your question. Yeah. He was entitled to, under certain circumstances, interest on the tax overpayment. But here, there was an offset, an incorrect offset, I guess in part, that was on the consumer debt. Now, because of that, was the amount of interest that he might probably have been entitled to on the tax overpayment diminished? I don't think there's any claim on the underlying tax overpayment and a refund. That's not the basis for his argument. That's not the basis for his argument. The basis for the argument is just because I didn't physically receive it in the shape of a check, to me personally... No, his argument is. You kept his money, his tax overpayment money, and you're not paying interest on it. That's his claim. His argument is, if he hadn't made the mistake, then there would have been an additional $6 and something in my refund. Isn't that right? That's correct. And your argument is, we didn't waive sovereign immunity in this circumstance. That's correct. And I think the statute, a plausible reading of the statute, says that, and the effort that plaintiff has gone through to argue that somehow this provision applies in the case when the money takes on the character of a finance overcharge or any other kind of satisfaction, a debt, education loan, whatever, if there's an error and there's a refund, it has taken on that different character and Congress hasn't provided for that unambiguously and expressly as a waiver in the statute. Thank you, Mr. Quinn. Mr. Fisher has two minutes for rebuttal. Let me say, first of all, it's very clear by the example of the million dollars that the government, the reason the government has never presented this argument before, before it came to this court, they've never presented it anywhere including to the district court. Now they're saying it doesn't matter whether the offset existed or not. You can take the million dollars, you don't, that's what they're saying. It's not what they're saying at all. They're not rejecting the existence of the offset. They're saying there's an overpayment. What they're saying is that if the debt to which they apply it does not exist, it's still, and they wait five years to pay back that overpayment, they don't have to pay interest. In other words, if you apply an overpayment, that's exactly their argument. What's exactly their argument is that the waiver of sovereign immunity is narrow, one, and two, that there's specific statutory language in the IRS code that takes this out of a tax suit. And that language would be 6402G. 6402G just says that this lawsuit is not a suit for refund of tax. It isn't a suit for refund of tax. It's a suit to show that the debt... A debt where your waiver is. The waiver is an overpayment. An overpayment bears interest. You have to show that the government didn't pay you an overpayment. What they're saying is that an overpayment which does bear interest should be the same as if the taxpayer just paid the government money out of its pocket. And that, such as the one with the illegal seizure. There's no interest provision on that kind of overpayment. But if you have a tax overpayment that exists here, there's no question the tax overpayment exists. They applied it to a debt that didn't exist. So they didn't refund the money. They didn't refund the overpayment because they applied it to a debt that doesn't exist. It's not true. They applied it to a debt that was not properly assessed. Well, it's a debt that didn't exist. They said that he owed that $6... They said he owed money under the terms of the finance agreement at the Army Air Force Exchange. And, in fact, they were incorrect. It's not that it didn't exist. It was that they incorrectly stated it existed. Well, I'm not sure I know the difference. If a debt doesn't exist, and you say it exists, it doesn't make it exist. He did not owe that $6. Let's put it this way. If they hadn't alleged that it existed, then this problem wouldn't exist itself. They would have refunded the money. If they had refunded the money in February of 2008 to the taxpayer, they wouldn't have to pay interest on it. But they didn't refund it until 2013. I know your facts. Thank you, Mr. Bishop. We have the arguments, and we'll take the case under review. Thank you. Thank you.